**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

SENEVEY PROPERTIES, LLC.            )
                                    )
            Plaintiff,              )
v.                                  ) Case No.11-04186-CV-C-FJG
                                    )
GOODMAN COMPANY, L.P., and          )
TOWER MANUFACTURING CORPORATION,)
                                    )
            Defendants.             )
_____     )
                                    )
TOWER MANUFACTURING CORPORATION, )
                                    )
            Defendant/Third Party Plaintiff,   )
                                    )
v.                                  )
                                    )
EVEREX COMMUNICATIONS, INC., and    )
PRIME TECHNOLOGY (Guanzhou), INC.   )
                                    )
            Third Party Defendants. )

# ORDER

Pending before the Court is Third Party Defendant Everex Communication, Inc.'s Motion to Dismiss Count II of Tower Manufacturing Corp.'s Third Party Petition (Doc. No. 32).

## I.    Background

Plaintiff Senevy Properties filed suit against defendants Tower Manufacturing Corp. ("Tower") and Goodman Company, L.P. ("Goodman"), alleging negligence, breach of warranties, and product liability. The suit stems from a fire allegedly caused by a PTAC heating and air conditioning unit manufactured and sold by defendant Goodman, who used power cords allegedly provided by defendant Tower.

Defendant Tower has filed a third-party complaint against Everex Communications,

Inc. ("Everex"). Tower alleges that Everex designed and manufactured the circuit board used by Goodman as a component of the PTAC unit at issue in this litigation (Doc. No. 22, ¶¶ 8-9). Tower further alleges that Everex is responsible for any fire based on its "faulty and negligent design, inspection, manufacture, assembly, and installation of the circuit board" (Doc. No. 22, ¶¶ 10, 21, 24).

In its third-party complaint, Tower asserts in its first count a claim for contribution against Everex "in an amount proportionate to its fault" (Doc. No. 22, ¶¶ 20-22). The second count of the complaint asserts a claim for non-contractual implied indemnification (Doc. No. 22, ¶¶ 23-28). Tower claims in this count that any damages suffered by Senevy were caused "in whole or in part" by Everex (Doc. No. 22, ¶¶ 24-26). "Tower's liability was merely constructive, technical, imputed, or vicarious and . . . [t]he alleged damages arose through the direct, active, and primary negligence of Everex" (Doc. No. 22, ¶ 27). In this count, Tower asks for "full or partial indemnification" against Everex for any judgment entered against it, as well as attorney fees (Doc. No. 22, ¶ 7).

Everex has filed a motion to dismiss Count II of the third party complaint, asserting that non-contractual implied indemnification is no longer a viable theory under Missouri law, under the factual circumstances alleged by Tower.

## II.    Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-6 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 127 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a

2

speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

## III.    Discussion

Third party defendant Everex argues that Missouri Pacific Railroad Co. v. Whitehead & Kales Co., 566 S.W.2d 466 (Mo. 1978), "abolished 'full indemnity' among defendants and third-party defendants with no contractual relationship to each other" and that Tower's indemnification claim is no longer viable under this decision (Doc. No. 33, ¶ 1). Third party defendant Tower responds that (1) Whitehead & Kales did not extinguish actions for non-contractual indemnification under Missouri law; and (2) even if it did, California law, which allows such actions, should apply instead of Missouri law.

Whitehead & Kales reexamined Missouri law as to the legal relationship between joint and concurrent tortfeasors, and the decision clarified the law on non-contractual indemnity while allowing for contribution among jointly negligent tortfeasors. Whitehead & Kales, 566 S.W.2d at 468. Prior to this decision, in Missouri the "general rule ha[d] been there is no right to indemnity or contribution between concurrent or joint tortfeasors in *pari*

3

*delicto*, except as provided by statute." Id. at 469. By allowing contribution, this decision also abolished the distinction of active and passive tortfeasors, on which Missouri courts previously relied to attribute fault between tortfeasors in the absence of the law contribution. Id. at 471.

The Whitehead & Kales decision did not extinguish the action for non-contractual indemnity. Missouri law recognizes that "contribution and indemnity are separate and distinct concepts." SSM Healthcare St. Louis v. Radiologic Imaging Consultants, 128 S.W.3d 534, 539 (Mo. App.E.D. 2003). Contributions distribute the loss among the tortfeasors by requiring each to pay his proportionate share. Id. Indemnity, on the other hand, "is the shifting of responsibility from the shoulders of one person to another." Id. Missouri also "recognizes both contractual indemnity, in which parties agree that one party will protect the other party against liability or loss, and non-contractual indemnity." Beeler v. Martin, 306 S.W.3d 108, 110-11 (Mo. App. W.D. 2010). Non-contractual implied indemnity is a right that "inures to the person who has discharged a duty that is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to the extent that his liability has been discharged." SSM Healthcare St. Louis, 128 S.W.3d at 539. "[W]hen a person, who without any fault on his part, is exposed to liability and compelled to pay damages on account of the negligence of another, that person has a right of action against the active tortfeasor on the theory of an implied contract of indemnity." Beeler, 306 S.W.3d at 110.

To establish a claim for non-contractual indemnification, also referred to as common law indemnity or equitable indemnity, "the plaintiff must show: 1) the discharge of an

4

obligation by the plaintiff; 2) the obligation discharged by the plaintiff is identical to an obligation owed by the defendant; and 3) the discharge of the obligation by plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged." Beeler, 306 S.W.3d at 111.

At this stage of the litigation, without more development of the facts, the Court cannot find that Tower's non-contractual indemnification claim is precluded as a matter of law. Tower's pleadings, viewed in a light most favorable toward Tower, show that Tower has pled a plausible non-contractual indemnification claim. It very well may be that Tower's contribution claim is the more sound claim legally and factually; however, this is a question that must be resolved after more factual development. Therefore, third party defendant Everex's motion to dismiss (Doc. No. 32) will be **DENIED.**[1]


**IT IS SO ORDERED.**


Dated: April 16, 2012
Kansas City, Missouri

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[1]Further, third party plaintiff raises a choice of law issue in its response to the motion to dismiss; if California law applied to this matter, third party plaintiff's claim would unquestionably be viable. See Greystone Homes, Inc. v. Midtec, Inc., 86 Cal. Rptr. 3d 196, 206 (Calif. App. 4 Dist. 2008). The Court declines to determine at this time whether California or Missouri law should apply to this claim, as such a determination is unnecessary to the outcome of this motion.

5